**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION,<br><br>       Petitioner,<br><br>       v.<br><br>WORLD WIDE PROCESSING GROUP, LLC,<br><br>       Respondent. | Case No.  20-CV-000078 |

## PETITION TO ENFORCE CIVIL INVESTIGATIVE DEMAND AND SUPPORTING MEMORANDUM

Petitioner, the Bureau of Consumer Financial Protection (Bureau), seeks an order from this Court directing Respondent World Wide Processing Group, LLC (WWP) to show cause why it should not be required to comply with the Bureau's civil investigative demand (CID). The Bureau issued a CID to WWP on September 4, 2019 requiring it to respond to interrogatories, requests for documents, and requests for written reports. The company has not produced any responses to the CID despite several promises to do so. In support of this Petition, the Bureau submits the accompanying Declaration of Vanessa Buchko and supporting documents.

## Jurisdiction and Venue

This Court has subject-matter jurisdiction under § 1052(e)(1) of the Consumer Financial Protection Act of 2010 (CFPA).[1]

Venue is proper because WWP resides and transacts business in this district.[2]

## Parties

The Bureau is an independent agency of the United States.[3] The Bureau has authority to issue CIDs under § 1052(c) of the CFPA.[4] When an entity refuses to comply with a CID, the CFPA authorizes the Bureau to petition the district court for an order to enforce the CID in "any judicial district in which such person resides, is found, or transacts business."[5]

WWP is a limited-liability company registered with the New York Secretary of State. It is registered as a foreign limited-liability company in Colorado, among other places. It is located and transacts business in or near the metropolitan area of Buffalo, New York, which is within this judicial district.

---

[1] 12 U.S.C. § 5562(e)(1).
[2] *Id.*
[3] *Id.* § 5491(a).
[4] *Id.* § 5562(c).
[5] *Id.* § 5562(e)(1).

## Service and Contents of the CID

The CFPA empowers the Bureau to issue a CID whenever it has reason to believe that "any person . . . may have information[] relevant to a violation."[6] A CID issued by the Bureau may, among other things, require the recipient to produce documents, respond to interrogatories, and provide written reports.[7]

On September 4, 2019, the Bureau issued a CID and sent it via certified mail to the New York address associated with WWP on the Colorado Secretary of State website.[8] The CID package was delivered and signed for on September 10, 2019.[9] On September 11, 2019, Bureau counsel called David Peltan, the agent for WWP listed on the New York Secretary of State website.[10] During that conversation, Mr. Peltan confirmed that he represented WWP and that he had received a copy of the CID issued to WWP.[11]

---

[6] *Id.* § 5562(c)(1).

[7] *Id.*

[8] Buchko Decl. ¶ 7.

[9] *Id.* The Bureau initially issued a CID to WWP on August 13, 2019, and sent it on that date via certified mail to the company's agent, David Peltan, at the address listed for Mr. Peltan in connection with the company's registration with the New York Secretary of State. *Id.* at ¶ 5. As of August 30, 2019, the U.S. Postal Service had not been able to obtain certification of delivery for that CID. *Id.* On August 30, 2019, the Bureau sent another copy of the CID to a different address associated with David Peltan. *Id.* at ¶ 6. As of September 4, 2019, this package also was undelivered. *Id.* The Bureau then issued the CID that is the subject of this petition (materially identical, apart from the date for compliance) and conveyed it as described above.

[10] *Id.* at ¶ ¶ 5, 9.

[11] *Id.* at ¶ 9.

As described in the CID's notification of purpose, the CID was issued

as part of an investigation to determine whether

> debt collectors, including debt buyers, or associated persons, in
> connection with collecting debt, have: (1) made false or misleading
> representations to consumers or third parties, improperly contacted
> consumers or third parties, or collected amounts from consumers that
> were not legally owed in a manner that is unfair, deceptive, or abusive
> in violation of §§ 1031 and 1036 of the Consumer Financial
> Protection Act of 2010, 12 U.S.C. §§ 5531, 5536; or (2) made false or
> misleading representations to consumers, made prohibited
> communications to consumers or third parties, or collected amounts
> from consumers that could not lawfully be collected in a manner that
> violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et
> seq., principally §§ 1692c, 1692e & 1692f.[12]

The CID required WWP to produce responses to eight interrogatories, three

written reports, and ten document requests by October 2, 2019.[13] This is the first

CID that the Bureau issued to WWP in this investigation.[14]

### WWP's Failure to Comply with the CID

The CID required WWP to schedule a meet-and-confer within ten calendar

days after receiving the CID.[15] WWP failed to do so.[16] WWP also did not produce

any responses to the CID on or before October 2, 2019.[17]

---

[12] Ex. 5 at 3.

[13] *Id.* ¶ 7, Ex. 5 at 3-7.

[14] *Id.* at ¶ 5. This CID is identical aside from the date of return to the CID issued on August 13, 2019. *Id*. at ¶ 7.

[15] Ex. 5, p. 9: Instruction C.

[16] Buchko Decl. ¶ 11, Ex. 10.

[17] Buchko Decl. ¶ 10.

After counsel for the Bureau sent a letter to Mr. Peltan on October 9, 2019, the parties conducted a meet-and-confer by phone on October 23, 2019.[18] During that call, Mr. Peltan said that WWP would be able to comply fully with the CID by November 6, 2019.[19] The Bureau modified the CID to extend the deadline for responding to November 6, 2019.[20]

WWP did not produce any responses to interrogatories, requests for documents, or requests for written reports by November 6, 2019.[21] On November 7, 2019, Mr. Peltan sent an email to Bureau counsel indicating that WWP would respond to the CID in two weeks (or by November 21, 2019).[22] The Bureau responded by email and notified Mr. Peltan that WWP was out of compliance.[23]

WWP did not produce any responses to interrogatories, written reports, or document requests by November 21, 2019.[24] Counsel for the Bureau sent an email to Mr. Peltan on November 25, 2019 asking for a date certain when WWP would comply with the CID.[25] The following day, Mr. Peltan replied that "a more realistic

---

[18] *Id.* at ¶ 11.
[19] *Id.*
[20] *Id.* at ¶ 12, Ex. 11.
[21] *Id.* at ¶ 13.
[22] *Id.* at ¶ 14, Ex. 12.
[23] *Id.* at ¶ 14, Ex. 13.
[24] *Id.* at ¶ 15.
[25] *Id.* at ¶ 16, Ex. 14.

delivery date" for the production was "the end of next week" (or December 6, 2019).[26]

As of January 22, 2020, WWP has not produced any responses to interrogatories, requests for documents, or requests for written reports.[27]

## Legal Analysis

To obtain judicial enforcement of a CID, the Bureau must show: "(1) that the investigation will be conducted pursuant to a legitimate purpose, (2) that the inquiry may be relevant to the purpose, (3) that the information sought is not already within [the Bureau's] possession, and (4) that the administrative steps required . . . have been followed."[28] As long as an agency passes this test, the administrative subpoena "will be enforced unless the party opposing enforcement demonstrates that the subpoena is unreasonable 'or that compliance would be unnecessarily burdensome.'"[29] The Bureau passes this test here.

First, this investigation, including the CID at issue, is within the authority granted to the Bureau in the CFPA and is being conducted for a legitimate purpose. The Bureau may act to prevent any "covered person" or "service provider" from "offer[ing] or provid[ing] to a consumer any financial product or service not in

---

[26] *Id.*

[27] *Id.* at ¶ 19.

[28] *EEOC v. UPS, Inc.*, 587 F.3d 136, 139 (2d Cir. 2009).

[29] *Id.*

conformity with Federal consumer financial law, or otherwise commit[ting] any act or omission in violation of a Federal consumer financial law."[30] These laws include the CFPA, which prohibits covered persons or service providers from employing unfair, deceptive, or abusive acts or practices,[31] and the Fair Debt Collection Practices Act, which prohibits certain false or misleading representations and other conduct in connection with debt collection.[32] As described in the CID's notification of purpose, the purpose of the investigation is to determine whether violations of these laws have occurred.[33]

Second, the documents and information sought in the CID are relevant to the purpose described in the CID. When reviewing petitions to enforce administrative subpoenas, "courts broadly interpret relevancy . . . [and t]he district court defers to 'the agency's appraisal of relevancy, which must be accepted so long as it is not obviously wrong.'"[34] As the Supreme Court has explained, "the established rule" is that "the term 'relevant' be understood 'generously' to permit [federal agencies] 'access to virtually any material that might cast light on the allegations . . . '"[35] The

---

[30] 12 U.S.C. § 5536(a)(1)(A).

[31] 12 U.S.C. § 5481(14) (defining Federal consumer financial law as including "the provisions of this title"); 12 U.S.C. §§ 5331, 5536 (prohibiting unfair, deceptive, or abusive acts or practices related to consumer financial products).

[32] *Id.* §§ 5481 (12)(H), (14); 5531(a); 5536(a)(1)(B).

[33] Ex. 5 at 3.

[34] *NLRB v. Am. Med. Response, Inc.,* 438 F.3d 188, 193 (2d Cir. 2006).

[35] *McLane v. EEOC*, 137 S. Ct. 1159, 1169 (2017).

CID's requests here relate to WWP's interactions with a specific debt buyer that is a subject of the Bureau's investigation, specifically including the subject's placement of debts with WWP for collection, and WWP's debt-collection operations.[36] This information is relevant to the determination of whether debt-collection violations have occurred. Notably, the Bureau's CID power is not limited to the investigation subject alone; rather, the Bureau may send a CID to any entity that it has reason to believe possesses relevant information.[37]

Third, the documents and information sought in the CID are not already in the possession of the Bureau. This is the first CID that the Bureau has issued to WWP in this investigation,[38] and WWP has not responded to the requests.[39]

Fourth, all administrative steps required by the CFPA and its implementing regulation for issuance of the CID have been followed. The CID was issued on September 4, 2019 by a Deputy Assistant Director of the Office of Enforcement and served on WWP at its New York address via certified U.S. Mail, return receipt requested. As required by the CFPA,[40] the CID contained a notification of purpose

---

[36] Ex. 5 at 4-9.
[37] 12 U.S.C. § 5562(c).
[38] Buchko Decl. at ¶ 5.
[39] *Id.* at ¶ 19.
[40] 12 U.S.C. § 5562 (c)(2).

apprising WWP of the nature of the conduct under investigation and applicable provisions of law.[41]

Finally, the CID is not unduly burdensome. The CID includes eight interrogatories, three requests for written reports, and ten document requests.[42] It is narrowly tailored to seek only information relevant to the Bureau's stated notification of purpose. Many of the requests are limited to WWP's business and interactions with one debt buyer.[43] And WWP repeatedly stated that it could, and would, produce the information called for.[44]

WHEREFORE, the Bureau requests:

1.  an order directing WWP, by a date certain, to show cause why it should not be required to comply with the CID;

2.  after WWP's response to the order to show cause, or its failure to respond, an order directing WWP to comply with the CID within ten days of the order or at a later date as may be established by the Bureau or the Court;

3.  that the Bureau may recover its costs in maintaining this proceeding; and

4.  such other relief as this Court deems just and proper.

Dated: January 22, 2020                    Respectfully submitted,

---

[41] Ex. 5 at 3.
[42] Ex. 5 at 4-7.
[43] *Id.* at 4-9.
[44] Buchko Decl. ¶ ¶ ¶ 11, 14, 16, Ex. 12, 14.

Cara Petersen
Acting Enforcement Director

John C. Wells
Deputy Enforcement Director

James T. Sugarman
Assistant Deputy Enforcement Director

_____/s/_____
Lindsay Castanien (MA Bar # 688964)
Telephone: (202) 435-9372
E-mail: lindsay.castanien@cfpb.gov
Vanessa Buchko (DC Bar # 502578)
Telephone: (202) 435-9593
E-mail: vanessa.buchko@cfpb.gov
Bureau of Consumer Financial Protection
1700 G Street, NW
Washington, DC 20552
Fax: (202) 435-7722
*Attorneys for Petitioner Bureau of
Consumer Financial Protection*